IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN LLOYD, | Civil No. 3:23-cv-63 |
| Petitioner | (Judge Mariani) |
| v. | |
| BOBBI JO SALAMON, *et al.*, | |
| Respondents | |

## MEMORANDUM

Petitioner Justin Lloyd ("Lloyd") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will dismiss the petition as untimely.

**I.   Background**

On October 3, 2019, Lloyd pled guilty to multiple drug and firearm offenses. *See Commonwealth v. Lloyd*, https://ujsportal.pacourts.us, electronic docket number CP-22-CR-0000653-2019. On November 12, 2019, the trial court sentenced him to an aggregate term of five to ten years of imprisonment. *Id.* Lloyd did not file a post-sentence motion or a direct appeal.

On November 18, 2020, Lloyd filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. *See Lloyd*, CP-22-CR-0000653-2019. The PCRA court appointed counsel, who

subsequently filed a motion to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). *See Commonwealth v. Lloyd*, 2022 WL 452693, at *1 (Pa. Super. Jan. 10, 2022). On February 3, 2021, the PCRA court issued notice of its intent to dismiss the PCRA petition and granted PCRA counsel's motion to withdraw. *See id.* On April 28, 2021, the PCRA court denied the petition. *See id.* Lloyd filed a timely appeal to the Pennsylvania Superior Court. *Commonwealth v. Lloyd*, No. 766 MDA 2021 (Pa. Super. 2021). On January 10, 2022, the Superior Court affirmed the PCRA court's denial of the petition. *Commonwealth v. Lloyd*, 2022 WL 452693. Lloyd then filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Lloyd*, No. 114 MAL 2022 (Pa. 2022). On August 2, 2022, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Lloyd*, No. 114 MAL 2022, 283 A.3d 172 (Table) (Pa. Aug. 2, 2022).

On or about January 7, 2023, Lloyd filed the instant federal habeas petition. (Doc. 1). Respondent filed a partial response arguing that the petition must be dismissed as untimely. (Doc. 14). The petition is ripe for resolution.

## II.  Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final

until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Lloyd was sentenced on November 12, 2019. No direct appeal was filed. Therefore, his judgment of sentence became final 30 days later, on December 12, 2019. *See* PA. R. APP. P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."); *see also Nara*, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A). Lloyd had one year after his sentence became final to file his federal habeas petition. The AEDPA statute of limitations under § 2254(d)(1)(A) expired on or about December 11, 2020. However, Lloyd did not file the instant petition until January 7, 2023, more than one year after the expiration of the statute of limitations. Therefore, the instant petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

A.  **Statutory Tolling**

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. *See* 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on December 12, 2019, and, absent any tolling, would expire on December 11, 2020. However, pursuant to 28 U.S.C. § 2244(d)(2), when Lloyd filed his PCRA petition on November 18, 2020, the AEDPA's filing period was statutorily tolled. At that point, the AEDPA clock ran for 335 days, with 30 days of the one-year filing period remaining. The

4

statute remained tolled until August 2, 2022, when the Pennsylvania Supreme Court denied the petition for allowance of appeal. On August 2, 2022, the statute began running again, and the 30 days remaining in which to file his federal petition expired on September 1, 2022. As a result, absent equitable tolling or the applicability of the actual innocence exception, Lloyd's federal habeas petition filed on January 7, 2023 is 128 days late.

### B.     Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt*, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*,

5

219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Additionally, the Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383 386 (2013). Such claims, however, are "rarely successful." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). To prevail under this standard, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *See id.* at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *See id.* at 316.

In the instant case, Lloyd fails to present any evidence to account for his delay in seeking federal habeas relief from this Court. (*See* Doc. 1, pp. 13-14). Moreover, Lloyd does not indicate that extraordinary circumstances obstructed his pursuit of such relief. (*See id.*). Finally, Lloyd advances no claim of actual innocence or the discovery of new evidence that would support such a finding. (*See id.*). Even more compelling is that Lloyd pled guilty to the drug and firearm offenses. Any claim of actual innocence is belied by Lloyd's admission of guilt. *See, e.g., Woldsmit v. Mooney*, 2016 WL 2940449, at *4 (E.D. Pa. Mar. 8, 2016), *report and recommendation adopted*, 2016 WL 2897412 (E.D. Pa. May 18, 2016) (noting that courts have rejected actual innocence where the petitioner pled guilty to the offense); *Williams v. Holland*, 2014 WL 1385192, at *4 (E.D. Ky. Apr. 9, 2014) (rejecting petitioner's actual innocence claims based on *McQuiggin* where he pled guilty to the offenses). Accordingly, the Court concludes that there is no basis for the limitations period to be equitably tolled in this matter.

## III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Lloyd failed to demonstrate that a certificate of appealability should issue.

## IV. Conclusion

The Court will dismiss Lloyd's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely, and a certificate of appealability will not issue. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April 3, 2023